IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GENETIC TECHNOLOGIES LIMITED, an Australian corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLAXOSMITHKLINE LLC, a Delaware corporation,<br><br>Defendant. | Civil Action No.:<br>1:12-cv-00299-UA-LPA |

## JOINT RULE 26(f) REPORT

Pursuant to the Court's May 30, 2014 Order [Doc. No. 76], a meeting was held via telephone on July 31, 2014, and was attended by Benjamin Lieb and Hiwot Covell, attorneys for Plaintiff, and Tracey Allen and Deborah Yates, attorneys for Defendant (collectively the "Parties") to discuss a discovery plan. Subsequent communications between the parties also took place.

1. Case Schedule: *GTG's position*: GTG requests that a scheduling order be entered at this time for the reasons articulated in GTG's May 9, 2014 Rule 26(f) Report [Doc. No. 69], and not await resolution of GSK's motion for a judgment on the pleadings under Fed. R. Civ. P. 12(c). Delaying entry of a scheduling order will prevent this case from being ready for trial within eighteen to twenty-four months as suggested by the Court. [Doc. No. 76.]

*GSK's position*: In view of the Court's order that the parties may serve written discovery into whether the patents are ineligible for patenting under 35 U.S.C. 101 (D.I. 76), GSK respectively suggests that more expansive discovery should not be ordered until after the Court decides GSK's pending dispositive motion under Federal Rule of Civil Procedure 12(b)(6).

In the event the Court decides to enter a scheduling order prior to deciding the motion to dismiss, the parties have agreed upon the schedule outlined herein.

1. The following proposed dates are based on the parties' presumption that the Court will enter an order adopting the proposed dates by September 2014.

2. <u>Rule 26(a)(1) Disclosures</u>. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) will be made on or before: <u>October 10, 2014.</u>

3. Disclosure of Asserted Claims and Preliminary Infringement Contentions pursuant to LR 103.1 and accompanying document production pursuant to LR 103.2 will be made on or before: <u>October 30, 2014.</u>

4. Commencement of Fact Discovery Beyond § 101 Eligibility: <u>October 30, 2014</u>.

5. Disclosure of Preliminary Non-Infringement and Patent Invalidity Contentions pursuant to LR 103.3 and accompanying document production pursuant to LR 103.4 will be made on or before: <u>December 3, 2014.</u>

6. Proposed Terms and Claim Elements for Construction shall be simultaneously exchanged by the parties pursuant to LR 104.1 on: <u>December 19, 2014.</u>

7. Preliminary Claim Constructions and Extrinsic Evidence shall be simultaneously exchanged by the parties pursuant to LR 104.2 on: <u>January 20, 2015.</u>

8. The parties shall file a Joint Claim Construction Statement pursuant to LR 104.3 on or before: <u>February 13, 2015.</u> At the present time, the parties do not anticipate a need for expert discovery and/or live testimony in connection with the claim construction process and thus do not believe there is a present need to address claim construction discovery limits or the order of presentation at the *Markman* hearing. In the event the parties' view of these matters changes, the parties will apprise the Court.

9. Each party shall file an opening claim construction brief and evidence supporting claim construction pursuant to LR 104.5 on or before: <u>March 20, 2015.</u> Each party shall file a responsive brief and supporting evidence on or before: <u>April 21, 2015</u>.

10. Final infringement contentions are due: 45 days after the Court's *Markman* order.

11. Final invalidity and noninfringement contentions are due: 65 days after the Court's *Markman* order.

12. <u>Discovery Plan</u>. GTG believes that discovery will be needed on the following subjects:

    a. GSK's activities that are alleged to have infringed GTG's '179 Patent, including, without limitation, the activities described in GTG's First Amended Complaint;

    b. GSK financial information related to its accused activities;

    c. The basis for GSK's affirmative defenses and counterclaims; and

d. GSK's expert's opinions.

*GTG's position*: GTG asserts that GSK has directly or indirectly infringed one or more claims of the '179 Patent, in violation of 35 U.S.C. § 271(a) and/or (b). The activities described in GTG's First Amended Complaint are exemplary, and the totality of the First Amended Complaint demonstrates wide spread infringing activity conducted or caused by GSK. Accordingly, GTG is entitled to take discovery of GSK regarding the entirety of GSK's direct and indirect infringement. *See SAS Inst., Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, Case No. 5:10-CV-101-H, 2011 U.S. Dist. LEXIS 146017 at *4-5 (E.D.N.C. December 20, 2011) (stating "[d]uring discovery relevance is broadly construed 'to encompass any matter that bears on, or reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (citations omitted); *cf. DR Sys., Inc. v. Fujifilm Med. Sys. USA, Inc.*, 2008 U.S. Dist. LEXIS 29485, at *11-13 (S.D. Cal. Apr. 10, 2008) (holding that discovery may be obtained for products not specifically identified in preliminary infringement contentions); *LG Elecs., Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 368 (N.D. Cal. 2002) (declining to limit discovery to products that were specifically identified in initial patent infringement disclosures).

*GSK's position*: GSK believes that the scope of discovery should be narrowly tailored to the claims and damages theories specifically articulated by GTG, and that GTG should not be allowed to undertake a broad fishing expedition into GSK activities and finances outside the scope of GTG's articulated infringement contentions. To the extent discovery beyond § 101 eligibility proceeds, GSK believes that discovery may be needed on the following subjects:

a. The background of the alleged inventions of the patents-in-suit, the prosecution history of the patents-in-suit, and the validity and enforceability of the patents-in-suit;

b. The licensing and settlement history of the patents-in-suit and documents related to GTG's damages claims;

c. GTG's allegations of infringement, but only to the extent they are narrowly and specifically tailored;

d. The basis for GSK's affirmative defenses and counterclaims; and

e. The parties' experts' opinions.

13. The parties agree that this case is "complex" under LR 26.1, and believe that the modifications to the schedule for such cases set forth below are appropriate. The parties agree that the limitations on discovery imposed by LR 26.1(a)(2) for Complex cases will apply. In addition, requests for the production of documents will be limited to 30 per side, including subparts. The parties have further agreed to the following:

a. The parties have agreed that the inadvertent production or disclosure of privileged, work product, or otherwise protective material should not be deemed a per se waiver or impairment of any claim of privilege or protection. In addition, the parties have agreed that attorney-client privilege communications and documents subject to the work product doctrine and created on or after May 25, 2011 need not be identified or included in any privilege log in this action.

b. The parties have agreed that all correspondence, written discovery requests, responses to written discovery requests, and other documents not filed through

5

the ECF system will be provided and/or served electronically. To the extent electronic service is unavailable to a party, i.e., where e-mail services are down, service is acceptable if made by facsimile or overnight mail.

     c.     Service on GTG will be made to at least the following:

>Robert R. Brunelli
>    rbrunelli@sheridanross.com
>Benjamin B. Lieb
>    blieb@sheridanross.com
>Hiwot M. Covell
>    hcovell@sheridanross.com
>George T. Scott
>    jscott@sheridanross.com
>John C. Heuton
>    jheuton@sheridanross.com
>Kendria E. Pearson
>    kpearson@sheridanross.com
>Donna P. Gonzales
>    dgonzales@sheridanross.com
>Justin R. Cruz
>    jcruz@sheridanross.com
>Lori R. Brown
>    lbrown@sheridanross.com
>Nicole L. Bell
>    nbell@sheridanross.com
>SHERIDAN ROSS P.C.
>1560 Broadway, Suite 1200
>Denver, Colorado 80202
>Telephone:   303-863-9700
>Facsimile:   303-863-0223

     d.     Service on GSK will be made to at least the following:

>Amy K. Wigmore
>    Amy.Wigmore@wilmerhale.com
>Tracey C. Allen
>    Tracey.Allen@wilmerhale.com
>Deborah Yates
>    Deborah.Yates@wilmerhale.com
>Haninah Levine

      Haninah.Levine@wilmerhale.com
     Lanta Chase
      Lanta.Chase@wilmerhale.com
     Wilmer Cutler Pickering Hale and Dorr, LLC
     1875 Pennsylvania Avenue NW
     Washington, D.C. 20006
     Telephone: 202-663-6000
     Facsimile: 202-663-6363

     John F. Morrow, Jr.
      jmorrow@wcsr.com
     Womble Carlyle Sandridge & Rice, LLP
     One West Fourth Street
     Winston Salem, NC 27101
     Telephone: 336-721-3584
     Facsimile: 336-733-8429

  14. The date for completion of fact discovery is: <u>August 14, 2015</u>. To the extent GSK intends to rely on any opinions of counsel, the deadline for disclosure of any such opinions is: <u>June 19, 2015</u>.

  15. The date for completion of claim construction discovery pursuant to LR 104.4 is: <u>March 6, 2015.</u>

  16. The date for completion of expert discovery is: <u>March 4, 2016.</u>

  17. For issues other than claim construction, each party shall make its initial expert disclosures required by Fed. R. Civ. P. 26 on issues on which each party bears the burden of proof on or before: <u>September 17, 2015.</u> Each party shall make any responsive expert witness disclosures permitted by Fed. R. Civ. P. 26 on or before: <u>November 4, 2015.</u> Any reply expert disclosures will be permitted on or before: <u>December 17, 2015.</u>

  18. <u>Mediation</u>. The parties will identify a mutually agreeable time and mediator and complete mediation by: <u>January 31, 2016.</u>

19. <u>Preliminary Deposition Schedule</u>.

   a. <u>Fact Witnesses</u>.  Depositions of all fact witnesses shall be completed by: <u>August 14, 2015</u>.

   b. <u>Expert Witnesses (non-claim construction)</u>.  Depositions of expert witnesses not related to claim construction issues shall commence on: <u>January 22, 2016</u> and shall be completed by: <u>March 4, 2016.</u>

20. <u>Other Items</u>.

   a. <u>Joinder of Parties/Amendment of Pleadings</u>.  GTG's position is that either party should be allowed until <u>January 12, 2015</u> to join additional parties or amend pleadings and that after this date, the Court will consider whether the granting of leave would delay trial.  GSK's position is that any attempt to join parties or amend the pleadings should proceed according to the Federal Rules of Civil Procedure.

   b. The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 28 U.S.C. §636(c), or appointment of a master, and the Parties do not consent to trial by Magistrate.

   c. The trial of the action is expected to take approximately <u>seven (7)</u> full trial days. A jury trial has been demanded.

   d. Dispositive motions shall be filed no later than: thirty (30) days following the close of the expert discovery period in accordance with LR 56.1. Dispositive motions may be filed at any time prior to this date, however.

e. Discovery of Electronically Stored Information ("ESI"): The Parties will meet and confer and file a Joint Report on ESI discovery protocol by October 30, 2014.

f. The parties anticipate the need for a protective order to facilitate the exchange of information in discovery. The parties will confer and file a joint motion to that effect.

Respectfully submitted this 15th day of August, 2014.

| /s/Matthew J. Ladenheim, | /s/David R. Boaz, |
|---|---|
| Matthew J. Ladenheim, NCSB# 28724 | John F. Morrow, Jr., NCSB# 23382 |
| TREGO, HINES & LADENHEIM, PLLC | David R. Boaz, NCSB# 44229 |
| 9300 Harris Corners Parkway, Suite 210 | Womble Carlyle Sandridge & Rice, LLP |
| Charlotte, NC 28269 | One West Fourth Street |
| Telephone: 704.599.8911 | Winston-Salem, NC 27101 |
| Facsimile: 704.599.8719 | Telephone: 336.721.3538 |
| Email: mjl@thl-iplaw.com | Facsimile: 336.733.8338 |
| | jmorrow@wcsr.com |
| Benjamin B. Lieb, CO Bar #28724 | dboaz@wcsr.com |
| Special Appearance Counsel for | |
| Plaintiff, Genetic Technologies Limited | Amy Kreiger Wigmore DC Bar #453164 |
| Robert R. Brunelli, CO Bar #20070 | Tracey C. Allen DC Bar #485474 |
| Sheridan Ross PC | Wilmer Cutler Pickering Hale And Dorr |
| 1560 Broadway, Suite 1200 | 1875 Pennsylvania Avenue, NW |
| Denver, Colorado 80202 | Washington, DC 20006 |
| Direct: 303.863.2991 | Telephone: 202.663.6856 |
| Telephone: 303.863.9700 | Facsimile: 202.663.6363 |
| Facsimile: 303.863.0223 | Email: tracey.allen@wilmerhale.com |
| Email: blieb@sheridanross.com | amy.wigmore@wilmerhale.com |
| | |
| Attorneys for Plaintiff | Attorneys for the Defendant |