IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GENETIC TECHNOLOGIES LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:12-CV-299 |
| GLAXOSMITHKLINE, LLC, | ) ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on a motion to dismiss the second amended complaint. (Doc. 77.) The Court has reviewed the motion and the briefs. The question is whether the complaint and the patents establish that the subject matter of the patents at issue are ineligible for patent protection because of unpatentable subject matter.

For purposes of this motion, the Court assumes without deciding that the correlations referenced in the patents are laws of nature. The more difficult issue is whether the plaintiff's method claims contain an inventive concept or are merely routine and conventional. *See Genetic Techs., Ltd. v. Agilent Techs., Inc.*, No. CV 12-01616 RS, 2014 WL 941354, at *4 (N.D. Cal. Mar. 7, 2014).

GSK contends that the Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, ___ U.S. ___, 134 S. Ct. 2347 (2014), requires that its motion be granted. Certainly *Alice* and its predecessors set forth the appropriate legal test for "distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that

claim patent-eligible applications of those concepts." 134 S. Ct. at 2355. But *Alice* concerned computer implementation of an abstract idea, which is a completely different factual context. *Id.* It also arose in a different procedural context; it was a ruling on a summary judgment motion where the facts were established, one assumes, without dispute. *Id.* at 2353 (referencing underlying summary judgment motions) and 2359 (referencing stipulations); *see also Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, ___ U.S. ___, ___, 132 S. Ct. 1289, 1296 (2012) (referencing underlying summary judgment motion); *cf. Agilent*, 2014 WL 941354, at *4 n.8 (distinguishing *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, No. C 11-06391, 2013 WL 5863022, at *8 (N.D. Cal. Oct. 30, 2013), a case on which GSK relies, on the grounds that it was decided on summary judgment).

Upon the filing of a Rule 12(b)(6) motion, the burden is on the moving party to prove that no legally cognizable claim for relief exists. *E.g.*, 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 1998). Indeed, GSK asserted in its initial brief that at the Rule 12(b)(6) stage there must be "clear and convincing evidence of ineligibility." (Doc. 78 at 11.)[1] Yet here, GTG has alleged in the second amended complaint that the methods of the patents were neither routine nor

---

[1] In its reply brief, GSK disagreed with many aspects of the case from which this standard came, *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335 (Fed. Cir. 2013), and noted that the Supreme Court had vacated the decision and remanded for reconsideration in light of *Alice*. *WildTangent, Inc. v. Ultramercial, LLC*, ___ U.S. ___, 134 S. Ct. 2870 (2014). However, GSK did not disavow this standard, nor did it suggest any other.

conventional and has included some facts which at least inferentially support that allegation. (Doc. 73 at ¶ 27 and surrounding paragraphs.)

The Supreme Court has noted that the "exclusionary principle" of unpatentable subject matter must be construed carefully "lest it swallow all of patent law." *Alice*, 134 S. Ct. at 2354. In this case, such careful construction will be facilitated by a broader and more developed factual context.

It is **ORDERED** that the motion to dismiss the second amended complaint, (Doc. 77), is **DENIED**.

This the 22nd day of August, 2014.

                                              UNITED STATES DISTRICT JUDGE