IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GENETIC TECHNOLOGIES LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:12-CV-299 |
| GLAXOSMITHKLINE, LLC, | ) ) ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

This matter is before the Court on a joint Rule 26(f) report filed by the parties. (Doc. 83.) In supplement to the Court's previous scheduling order, (Doc. 76), it is

**ORDERED** that:

1. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) will be made on or before October 10, 2014.

2. Disclosure of Asserted Claims and Preliminary Infringement Contentions pursuant to LR 103.1 and accompanying document production pursuant to LR 103.2 will be made on or before October 30, 2014.

3. Fact Discovery Beyond § 101 Eligibility may begin on October 30, 2014.

4. Disclosure of Preliminary Non-Infringement and Patent Invalidity Contentions pursuant to LR 103.3 and accompanying document production pursuant to LR 103.4 will be made on or before December 3, 2014.

5. Proposed Terms and Claim Elements for Construction shall be simultaneously exchanged by the parties pursuant to LR 104.1 on December 19, 2014.

6. Preliminary Claim Constructions and Extrinsic Evidence shall be simultaneously exchanged by the parties pursuant to LR 104.2 on <u>January 20, 2015</u>.

7. The parties shall file a Joint Claim Construction Statement pursuant to LR 104.3 on or before February 13, 2015.  At the present time, the parties do not anticipate a need for expert discovery and/or live testimony in connection with the claim construction process and thus do not believe there is a present need to address claim construction discovery limits or the order of presentation at the *Markman* hearing.  If the parties' view of these matters changes, the parties will apprise the Court.

8. Each party shall file an opening claim construction brief and evidence supporting claim construction pursuant to LR 104.5 on or before <u>March 20, 2015</u>.  Each party shall file a responsive brief and supporting evidence on or before <u>April 21, 2015</u>.

9. Final infringement contentions are due 45 days after entry of the Court's *Markman* order.

10. Final invalidity and noninfringement contentions are due 65 days after entry of the Court's *Markman* order.

11. The Court will resolve any disputes about the scope of discovery if and when an actual dispute arises, in the context of actual discovery requests and actual responses.  The Court is inclined to think that discovery requests should not be overbroad as to time or otherwise, but that some discovery on infringement beyond that alleged in the complaint may be appropriate if narrowly tailored and not unduly burdensome.

2

Case 1:12-cv-00299-CCE-JLW   Document 86   Filed 09/08/14   Page 2 of 5

12. The case is designated as "complex" under LR 26.1, and the limitations on discovery imposed by LR 26.1(a)(2) for complex cases will apply. In addition, requests for the production of documents will be limited to 30 per side, including subparts. The parties have further agreed to and the Court orders the following:

    a. The inadvertent production or disclosure of privileged, work product, or otherwise protective material should not be deemed a per se waiver or impairment of any claim of privilege or protection. Attorney-client privilege communications and documents subject to the work product doctrine and created on or after May 25, 2011 need not be identified or included in any privilege log in this action.

    b. All correspondence, written discovery requests, responses to written discovery requests, and other documents not filed through the ECF system will be provided and/or served electronically. To the extent electronic service is unavailable to a party, i.e., where e-mail services are down, service is acceptable if made by facsimile or overnight mail.

    c. Service on GTG will be made to those attorneys identified in the Joint Rule 26(f) Report (Doc. 83).

13. The date for completion of claim construction discovery pursuant to LR 104.4 is <u>March 6, 2015</u>.

14. The date for completion of fact discovery including depositions is <u>August 14, 2015</u>. To the extent GSK intends to rely on any opinions of counsel, the deadline for disclosure of any such opinions is <u>June 19, 2015</u>.

15.     For issues other than claim construction, each party shall make its initial expert disclosures required by Fed. R. Civ. P. 26 on issues on which each party bears the burden of proof on or before <u>September 1, 2015</u>.  Each party shall make any responsive expert witness disclosures permitted by Fed. R. Civ. P. 26 on or before <u>October 9, 2015</u>.  Any reply expert disclosures will be permitted on or before <u>November 6, 2015</u>.

16.     Depositions of expert witnesses not related to claim construction issues may begin on <u>September 15, 2015</u> and shall be completed by <u>January 8, 2016</u>.

17.     Dispositive motions may be filed at any time but no later than <u>February 8, 2016</u>, consistent with LR 56.1.

18.     The parties will identify a mediator no later than <u>December 1, 2014</u>, and shall so inform the Court.  The plaintiff shall provide a copy of this Order to the mediator, who shall schedule an initial mediation on a schedule in his or her discretion, but no later than <u>April 30, 2015</u>.  If the case does not resolve, the mediator shall schedule and hold such further mediated settlement conferences as he or she believes might be productive, to include at least one such conference no later than <u>January 31, 2016</u>.

19.     Motions to amend the pleadings or join parties will be handled pursuant to the Federal Rules of Civil Procedure.

20.     Discovery of Electronically Stored Information ("ESI"): The parties shall meet and confer and file a Joint Report on ESI discovery protocol by <u>October 30, 2014</u>.

21. The parties expect that trial of the action will take approximately seven (7) full trial days. A jury trial has been demanded. The Court will set a trial date after it issues its *Markman* order.

This the 8th day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE