IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GENETIC TECHNOLOGIES LIMITED,<br>an Australian corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>GLAXOSMITHKLINE LLC,<br>a Delaware corporation,<br><br>      Defendant. | Civil Action No.:<br>1:12-cv-00299-UA-LPA |

**PLAINTIFF GENETIC TECHNOLOGIES LIMITED'S ANSWER TO DEFENDANT GLAXOSMITHKLINE LLC'S COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Genetic Technologies Limited ("GTG"), for its Answer to Defendant GlaxoSmithKline LLC's ("GSK") Counterclaims [Doc. No. 85], states as follows:

1. Admitted.

2. Admitted.

3. GTG admits that this court has jurisdiction over GSK's Counterclaims I-V pursuant to 28 U.S.C. §§ 1331, 1338, and 2201, but otherwise denies the allegations in Paragraph 3 of GSK's Counterclaims

4. Admitted.

5. GTG admits that GSK's Counterclaims I-V arise under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.,* and the Federal Declaratory Judgment Act,

28 U.S.C. §§ 2201 and 2202, but otherwise denies the allegations in Paragraph 5 of GSK's Counterclaims.

6. GTG incorporates by references its responses to Paragraphs 1-5 of its Answer to GSK's Counterclaims I-V as though fully set forth herein.

7. Denied.

8. Denied.

9. GTG incorporates by reference its responses to Paragraphs 1-8 of its Answer to GSK's Counterclaims I-V as though fully set forth herein.

10. Denied.

11. Denied.

12. GTG incorporates by reference its responses to Paragraphs 1-11 of its Answer to GSK's Counterclaims I-V as though fully set forth herein.

13. Denied.

14. Denied.

15. GTG incorporates by reference is responses to Paragraphs 1-14 of its Answer to GSK's Counterclaims I-V as though fully set forth herein.

16. Denied.

17. Denied.

18. GTG incorporates by reference its responses to Paragraphs 1-17 of its Answer to GSK's Counterclaims I-V as though fully set forth herein.

19. Denied.

20. GTG admits that U.S. Patent No. 5,612,179 ("the '179 Patent") at 4:4-8 reads "[t]he present invention is based on the finding that intron sequences contain genetic variations that are characteristic of adjacent and remote alleles on the same chromosome." GTG also admits that U.S. Patent No. 5,851,762 ("the '762 Patent") at 7:16-19 reads "[t]he present invention is based on the finding that non-coding region sequences, particularly intron sequences, contain genetic variations that are characteristic of alleles of adjacent and remove, linked genetic loci on the chromosome." All other allegations of Paragraph 20 of GSK's Counterclaims not specifically admitted are denied.

21. GTG admits that during prosecution of what became the '179 Patent with regard to a March 25, 1993 rejection under 35 U.S.C. § 112, first paragraph, for Claims 17-20, GeneType AG, in a September 24, 1993 Amendment in Response at page 19, stated "[t]he basis of Applicant's invention is that variations (polymorphisms) in the non-coding regions are also indicative of the coding region allele." All other allegations of Paragraph 21 of GSK's Counterclaims not specifically admitted are denied.

22. GTG admits the allegations in Paragraphs 11 and 18 of its Complaint. All other allegations of Paragraph 22 of GSK's Counterclaims not specifically admitted are denied.

23. Denied.

24. GTG admits that during the prosecution of what became the '179 Patent, in a January 14, 1993 Supplemental Preliminary Amendment on page 6, GeneType AG stated "[a]pplicant has not invented a new way to analyze genetic loci. Rather Applicant has found that when prior art techniques are applied to the non-coding sequences, the

result can be more informative than analysis of the coding regions."  All other allegations of Paragraph 24 of GSK's Counterclaims not specifically admitted are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. GTG admits the allegations in Paragraph 27 of its Complaint.  All other allegations of Paragraph 30 of GSK's Counterclaims not specifically admitted are denied.

31. Denied.

## PRAYER FOR RELIEF

GTG denies that GSK is entitled to any relief and specifically denies each allegation and prayer for relief alleged in GSK's Prayer for Relief and requests the Court grant GTG the relief requested in its Second Amended Complaint [Doc. No. 73].

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, GTG hereby demands a trial by jury on all issues so triable.

| | **SHERIDAN ROSS PC** |
|---|---|
| This, the 17th day of September, 2014 | /s/ Benjamin B. Lieb, CO Bar No. 28724<br>Special Appearance Counsel for<br>Plaintiff, Genetic Technologies Limited<br>Sheridan Ross PC<br>1560 Broadway, Suite 1200<br>Denver, Colorado 80202<br>Direct (303) 863-2991<br>Main (303) 863-9700<br>Facsimile: (303) 863-0223<br>Email: blieb@sheridanross.com |

**TREGO HINES & LADENHEIM PLLC**

/s/Matthew J. Ladenheim
N.C. Bar No.: 29309
TREGO, HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway, Suite 210
Charlotte, NC 28269
Telephone: (704) 599-8911
Facsimile: (704) 599-8719
Email: mjl@thl-iplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, **GENETIC TECHNOLOGIES LIMITED'S ANSWER TO DEFENDANT GLAXOSMITHKLINE LLC'S COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**, was served on counsel of record in this case by CM/ECF filing.

Respectfully submitted,

This, the 17th day of September, 2014

**TREGO HINES & LADENHEIM PLLC**

/s/Matthew J. Ladenheim
N.C. Bar No.: 29309
TREGO, HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway, Suite 210
Charlotte, NC 28269
Telephone: (704) 599-8911
Facsimile: (704) 599-8719
Email: mjl@thl-iplaw.com