IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GENETIC TECHNOLOGIES LIMITED, <br> an Australian corporation, <br><br> Plaintiff, <br><br> v. <br><br> GLAXOSMITHKLINE LLC, <br> a Delaware corporation, <br><br> Defendant. | **Civil Action No.** <br> **1:12-cv-00299-CCE-JLW** |

**JOINT STIPULATION REGARDING E-DISCOVERY**

1. The Parties jointly submit this discovery protocol regarding Electronically Stored Information ("ESI") in accordance with the Joint Rule 26(f) Report, section 20(e).

2. This Joint Stipulation supplements all other discovery rules and orders. It streamlines ESI production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

3. A party's meaningful compliance with this Joint Stipulation and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations. Costs may be shifted for disproportionate ESI production requests pursuant to Federal

Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. For general ESI production requests under Federal Rules of Civil Procedure 34 and 45, the following metadata fields (to the extent stored electronically and not updated automatically upon access of the files) will be provided: file name; path name; modification dates and times; authors; created date; and custodian. Other metadata fields shall not be required absent a showing of good cause. For e-mail, the following metadata fields (to the extent stored electronically) will be provided: to; from; cc; bcc; date (sent/received); times (sent/received); and custodian.

5. Recognizing that email discovery "is often tangential to adjudicating [the core] issues" of "what the patent states, how the accused products work, what the prior art discloses, and the proper calculation of damages[,]" and seeking to contain the costs of electronic discovery, as set forth herein, the parties hereby agree to phased, specific, and limited email discovery as set forth below.

(a) General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of the Court, shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests ("Email RFPs").

(b) Email RFPs shall only be propounded for specific issues, rather than

2

ActiveUS 136947800v.2

general discovery of a product or business.

(c) Email RFPs shall specify the custodian, search terms, and time frame. The parties shall timely cooperate to identify the proper custodians, search terms, and timeframe to be specified in email production requests. The Court may allow additional discovery upon a showing of good cause. Each requesting party shall limit its email production requests to a total of 10 custodians per producing party for all such requests. The Court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

(d) Each requesting party shall limit its email production requests through the use of reasonable search terms. The search terms do not need to be the same for each custodian. The parties will meet and confer regarding the search terms to be used for each custodian, If the parties cannot reach agreement, the Court shall consider contested requests based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the requesting company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A party may challenge or object to a search term(s) if it knows, or has reason to believe, that the term will yield an inordinate number of search results or an

3

ActiveUS 136947800v.2

excessively large number of "false positive" results; however, the parties shall work cooperatively to resolve such challenge or objection with the goal of modifying the search term(s) to significantly reduce the overbreadth of the search results. Use of narrowing search criteria (*e.g.,* "and," "but not," "within [a certain number of words of]x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

6. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

7. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

8. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose and any ESI inadvertently produced by either party must be returned to the producing party under the terms of the clawback procedure set forth in the Protective Order in this case.

9. Absent agreement of the parties or further order of the Court, the parties agree that the following parameters shall apply to all ESI production.

 (a) Format. ESI will be produced as a TIFF single page images so that the ESI is compatible with Concordance. Files compatible with Concordance shall be single page TIFF images with OCR and Concordance load files. The Load file will indicate the beginning and ending production numbers for each document.

 (b) Text-Searchable Documents. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in a text-

5

ActiveUS 136947800v.2

searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

(c) Footer. Each page of a document image shall contain a footer with a sequentially ascending production number.

(d) Confidentiality. If required, each page of a document shall contain the confidentiality marking in accordance with the protective order.

(e) Native Files. Certain files (such as complex Excel™ spreadsheets) can be so dynamic in nature that they may not be conducive to production in static image form. When there is a need to present content of the file that cannot be derived from a static image, a party may at its option produce these types of dynamic files in their original format for review in the application they are designed for. In addition, the producing party shall produce dynamic files in such a format upon reasonable request from the receiving party. To the extent that print-outs or images of all or part of a spreadsheet were also maintained in the ordinary course of business in static form (e.g., as a pdf attachment), those documents will be produced as static images.

(f) Embedded Files. Other than files embedded as e-mail attachments, other embedded files (such as graphics, logos, stock images, charts, or the like that, for

6

example, are embedded into an email or PowerPoint presentation) need not be produced as separate files.

      (g)    Non-Convertible Files. Certain types of files such as system and program files, audio/video files, etc. will not be amenable to conversion into TIFF format. Such files are presumptively not reasonably searchable. If otherwise responsive, these files will be accounted for with a placeholder image. In addition, the producing party shall produce the files in native format upon reasonable, specific request from the receiving party. . Examples of file types that are not conducive to conversion into TIFF image include but are not limited to:

> \*.exp \*.ilk \*.res \*.trg \*.tlh \*.idb \*.pdb \*.pch \*.opt \*.lib
> \*.cab \*.mov \*.mp3 \*.swf \*.psp \*.chi \*.chm \*.com
> \*.dll \*.exe \*.hlp \*.ivi \*.ivt \*.ix \*.msi \*.nls \*.obj \*.ocx
> \*.rmi \*.sys \*.tmp \*.ttf \*.vbx \*.wav \*.wpg \*.iso \*.pdb
> \*.eps \*.mpeg \*.mpg \*.ram \*.rm \*.psd \*.ai \*.aif \*.bin
> \*.hqx \*.snd \*.mpe \*.wmv \*.wma \*.xfd \*.db \*.bat

      (h)    Other files may not be amenable to TIFF conversion due to, for example, password protection, encryption, fragmentation or corruption. If reasonable efforts to obtain useful TIFF images of these files are unsuccessful, these will also be accounted for with a placeholder image.

      (i)    Duplicates. Each party may remove duplicative ESI to reduce unnecessary cost of reviewing and producing duplicative ESI, provided that the removed

document is duplicative of a produced document and information regarding each custodian of the document is provided.

ActiveUS 136947800v.2

10. No Backup Restoration Required. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

11. Voice-mail and Mobile Devices. Absent a showing of good cause, voice-mails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

12. Ephemeral Data. Data that is transitory in nature and only exists on GSK's computer systems for a short period, such as instant messages, need not be collected and preserved.

13. All productions may be encrypted and provided on a CD, DVD, hard drive, or other electronic media.

14. This Order may be modified for good cause.

15. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

A proposed Order approving Joint Stipulation regarding E-Discovery is attached.

Respectfully submitted this 30th day of October, 2014.

| | |
|---|---|
| /s/Matthew J. Ladenheim, NCSB #29309 | /s/John F. Morrow, Jr., Bar No.23382 |
| Matthew J. Ladenheim | John F. Morrow, Jr., NCSB# 23382 |
| TREGO, HINES & LADENHEIM, PLLC | Womble Carlyle Sandridge & Rice, LLP |
| 9300 Harris Corners Parkway, Suite 210 | One West Fourth Street |
| Charlotte, NC 28269 | Winston-Salem, NC 27101 |
| Telephone: 704.599.8911 | Telephone: 336.721.3584 |
| Facsimile: 704.599.8719 | Facsimile: 336.733.8429 |
| Email: mjl@thl-iplaw.com | jmorrow@wcsr.com |
| | |
| Benjamin B. Lieb, CO Bar #28724 | Amy Kreiger Wigmore DC Bar No. 453164 |
| Special Appearance Counsel for | Tracey C. Allen DC Bar #485474 |
| Plaintiff, Genetic Technologies Limited | Wilmer Cutler Pickering Hale And Dorr |
| Robert R. Brunelli, CO Bar #20070 | 1875 Pennsylvania Avenue, NW |
| Sheridan Ross PC | Washington, DC 20006 |
| 1560 Broadway, Suite 1200 | Telephone: 202.663.6856 |
| Denver, Colorado 80202 | Facsimile: 202.663.6363 |
| Direct: 303.863.2991 | Email: amy.wigmore@wilmerhale.com |
| Telephone: 303.863.9700 | tracey.allen@wilmerhale.com |
| Facsimile: 303.863.0223 | |
| Email: blieb@sheridanross.com | Attorneys for the Defendant |

Attorneys for Plaintiff

ActiveUS 136947800v.2

PURSUANT TO THIS STIPULATION IT IS SO ORDERED this        day of_____ , 2014.

_____<br>
UNITED STATES DISTRICT JUDGE

ActiveUS 136947800v.2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, **JOINT STIPULATION REGARDING E-DISCOVERY**, was served on counsel of record in this case by CM/ECF filing.


/s/Matthew J. Ladenheim, NCSB #29309
Matthew J. Ladenheim
TREGO, HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway, Suite 210
Charlotte, NC 28269
Telephone: 704.599.8911
Facsimile: 704.599.8719
Email: mjl@thl-iplaw.com

Benjamin B. Lieb, CO Bar #28724
Special Appearance Counsel for
Plaintiff, Genetic Technologies Limited
Robert R. Brunelli, CO Bar #20070
Sheridan Ross PC
1560 Broadway, Suite 1200
Denver, Colorado 80202
Direct: 303.863.2991
Telephone: 303.863.9700
Facsimile: 303.863.0223
Email: blieb@sheridanross.com


Attorneys for Plaintiff

ActiveUS 136947800v.2